UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PAUL K. DYKES, SR.,

        Plaintiff,

v.    CASE NO. 3:10-cv-686-J-34JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

        Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court *sua sponte*.

For the reasons set forth herein, it is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to the Court's Scheduling Order, Plaintiff's memorandum of law in support of the Complaint was due on or before May 27, 2011. (Doc. 17.)[2] On June 13, 2011, because Plaintiff had not filed his memorandum and had not sought an extension of the deadline for filing the memorandum, the Court ordered Plaintiff to show cause, on or before June 27, 2011, "why this case should not be recommended for dismissal

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] In its Order of October 20, 2010, the Court advised Plaintiff of some of the procedures regarding Social Security cases. (Doc. 10.) Among other things, the Court specifically informed Plaintiff that the Court would enter a Scheduling Order after Defendant served his answer. (*Id.* at 3.) The Court further advised Plaintiff that the Scheduling Order would set forth the deadlines for the parties to serve their memoranda of law. (*Id.*)

without prejudice for Plaintiff's failure to comply with the Court's Scheduling Order and failure to prosecute under Local Rule 3.10(a), United States District Court, Middle District of Florida." (Doc. 18.) Plaintiff was warned that, "although this dismissal would be without prejudice, it could effectively terminate the claims in this case because of the statute of limitations." (*Id.*)

To date, Plaintiff has not filed his memorandum of law in support of the Complaint or responded to the Court's June 13, 2011 Order to Show Cause. Therefore, the Court will recommend that this action be dismissed without prejudice for want of prosecution. M.D. Fla. R. 3.10(a).

Accordingly, it is respectfully **RECOMMENDED** that:

The case be dismissed without prejudice.

**DONE AND ENTERED** at Jacksonville, Florida, on July 5, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:   The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

*Pro se* Plaintiff